# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CYNTHIA D. TRIMBLE**                                               **PLAINTIFF**

**VS.**                                               **CAUSE NO.** 1:20cv19-SA-RP

**VERTEX AEROSPACE LLC**                                  **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and for discrimination on the basis of disability in violation of Americans with Disabilities Act. The following facts support the action.

1.

Plaintiff CYNTHIA D. TRIMBLE is an adult resident citizen of 112 Harris Drive, Columbus, Mississippi 39705. Plaintiff is a black female.

2.

Defendant VERTEX AEROSPACE LLC is a limited liability company. Defendant may be served with process by service upon its registered agent, Corporate Creations Network, Inc., 232 Market Street, #1600, Flowood, Mississippi 39232. Defendant is in the business of airplane maintenance.

00344244.WPD

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343, to redress claims arising under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, et. seq., the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

4.

Plaintiff was employed by Defendant for over twenty-three (23) years in airplane maintenance at the Columbus Air Force Base.

5.

In latter years, Plaintiff has begun to suffer from an arthritic condition in her knees. This condition causes Plaintiff extreme difficulties in bending, twisting, and walking.

6.

Plaintiff, however, was able to perform her aircraft work by utilizing a device, which she herself had created. The device allowed Plaintiff to perform her job without having to bend. Plaintiff could perform her job just as well using the device as she could have done the job without using the device. By using the device, Plaintiff was able to perform the job without causing extreme pain in her knees.

7.

Plaintiff's immediate supervisor was John Callahan. Callahan, as well as Plaintiff's lead man, are both white and are extreme racists. Plaintiff was the only black person working on the swing shift, and they entertained animosity and ill-will toward Plaintiff because of her race.

8.

Callahan, therefore, arbitrarily prohibited Plaintiff from using the device which she had devised, even though he knew that the device a reasonable mitigation device for performing her job.

9.

On or about January 7, 2019, Defendant terminated Plaintiff from her employment. Defendant falsely claimed that Plaintiff had signed off on a pre-flight inspection that another person had done. This was totally fabricated. Plaintiff had done and signed off on all of her pre-flight inspections. She did not commit the work rule violation which Defendant claimed she committed. Defendant claimed that a black male had performed the work for Plaintiff.

10.

The foregoing was fabricated and done in an effort to be rid of Plaintiff. The individual who made the false report that Plaintiff had falsified the pre-flight inspection report was also white and racist.

11.

Defendant did not seriously investigate the charges. If Defendant had done so, it would have known the charges were totally false. Alternatively, Defendant may have violated the rules and arbitrarily decided to be rid of Plaintiff because she is black.

12.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

13.

The actions of Defendant against Plaintiff have been intentional and malicious, such that punitive damages are due.

14.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's wrongful actions.

### REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, as well as reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 5th day of February, 2020.

                                CYNTHIA D. TRIMBLE, Plaintiff

By:    */s/ Jim Waide*
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Lee

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named CYNTHIA D. TRIMBLE, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

Cynthia D. Trimble<br>CYNTHIA D. TRIMBLE

GIVEN under my hand and official seal of office on this the 31st day of January, 2020.

Karen Dempsey<br>NOTARY PUBLIC



(SEAL)
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 50384
KAREN N. DEMPSEY
Commission Expires
Sept. 17, 2021
LEE COUNTY

My Commission Expires: